**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Amy Smith, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:23-CV-00017 |
| | : | Judge: Michael J. Newman |
| vs. | : | Magistrate Judge: Peter B. Silvain, Jr. |
| | : | |
| University of Arizona Global Campus, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT UNIVERSITY OF ARIZONA GLOBAL CAMPUS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant the University of Arizona Global Campus ("Arizona Global"), by and through counsel, respectfully requests this Court for and Order and Entry granting judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In short, Plaintiff's Ohio Consumer Sales Practices Act ("OCSPA") claim is barred by the statute of limitations. Plaintiff's negligence claim fails because Arizona Global did not own Ashford University at the time of the allegations. Because Plaintiff cannot support an underlying tort, her civil conspiracy claim also fails. As such, Arizona Global respectfully requests grant judgment on the pleadings. A Memorandum in Support is attached.

Respectfully submitted,

*/s/ Amanda K. Wager*
Zachary B. Pyers  (0083606)
Amanda K. Wager  (0100030)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
(614) 232-2411; FAX (614) 232-2410
zpyers@reminger.com; awager@reminger.com
*Counsel for University of Arizona Global Campus*

**MEMORANDUM IN SUPPORT**

### I. PRELIMINARY STATEMENT

Plaintiff's allegations against Arizona Global occurred in the summer of 2020. Yet, Plaintiff did not file the Complaint until December 14, 2022, more than two years after the alleged occurrences. As such, her OCSPA claim is barred by its two-year statute of limitations.

Plaintiff admits that Arizona Global did not acquire Ashford University until December 2020 or assume any liabilities that occurred before December 2020. Plaintiff's negligence claim therefore fails as a matter of law because Arizona Global did not owe Plaintiff a duty. Regardless, Plaintiff's claim is barred by the economic loss doctrine. Moreover, the allegations are based on educational malpractice, which is not a claim recognized under Ohio law.

Despite being insufficiently pleaded, without an underlying tort against Arizona Global, Plaintiff's civil conspiracy also fails. Accordingly, even when construing the allegations in favor of Plaintiff, she cannot sustain any claim against Arizona Global as a matter of law. Her Complaint must be dismissed.

### II. FACTUAL ALLEGATIONS

On December 14, 2022, Plaintiff filed this lawsuit against Defendants. (Comp. ECF No. 4 at PageID 119-215). Plaintiff alleges that she enrolled as a student at Ashford University in 2017 and then took a leave of absence. (*Id.*, at PageID 123, ¶ 19). Plaintiff sought to re-enter an academic program at Ashford University in 2020. (*Id.*, at ¶ 20). However, Plaintiff owed Ashford University an outstanding balance. (*Id.*, at ¶ 21). Per the Complaint, on June 29, 2020, Ashford University proposed an agreement in which Plaintiff would pay $139.05 per month over thirty-five months to pay off her balance. (*Id.*, at PageID 124, ¶ 22). On the same day, Ashford University processed the first payment. (*Id.*, at ¶¶ 24-26). Shortly after, on July 2, 2020, Plaintiff alleges she was notified

1

that her outstanding balance was transferred to a collection agency and that she would not be able to resume classes until her outstanding balance was paid in full. (*Id.*, at PageID 124-125, ¶¶ 29, 33).

Plaintiff acknowledges that during this timeframe, Arizona Global did not own Ashford University. (*Id*. at PageID 120, ¶¶ 3, 13-14). Per the Complaint, Arizona Global did not acquire Ashford until December 1, 2020. (*Id*.). It did not even announce the acquisition until August 2020. (*Id*.). "Under the terms of the Asset Purchase and Sale Agreement between Ashford, Zovio, and the University of Arizona Global Campus (among other entities), Zovio agreed that it would pay any liabilities arising from the operation of Ashford prior to December 2020." (*Id*., at PageID 144).

Still, Plaintiff brought claims against Arizona Global alleging a violation of the Ohio Consumer Sales Practices Act ("OCSPA"), negligence, and civil conspiracy. (*See* Comp. ECF No. 4 at PageID 119-215). However, Plaintiff's allegations against Arizona Global do not have merit, and therefore, Arizona Global is entitled to judgment on the pleadings.

**III. LAW AND ARGUMENT**

    **A.  Motion for Judgment on the Pleadings Standard**

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such a time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review for a Rule 12(c) Motion is equivalent to the standard of review applicable to Fed. R. Civ. P. 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir.2010). The inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be considered. *Yanacos v. Lake County*, 953 F. Supp. 187, 191 (N.D. Ohio 1996). To survive a motion under Rule 12(c), a complaint must contain facts that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A*shcroft v. Iqbal*, 556 U.S. 662, 678, (2009). This factual content must raise a right to relief above the speculative level. *Bell Atlantic,* 550 U.S. at 555.

A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation" or "unwarranted factual inferences." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 550 U.S. at 555. Federal pleading standards require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 . "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, a movant is entitled judgment on the pleadings "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*., at 679, quoting Fed. R. Civ. P. 8(a)(2).

### B. Plaintiff's OCSPA claim is barred by the statute of limitations.

Ohio Rev. Code. § 1345.01 "prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions whether they occur before, during, or after the transaction." *Anderson v. Barclay's Capital Real Estate, Inc.*, 136 Ohio St. 3d 31, 2013-Ohio-1933, 989 N.E.2d 997, 999 (2013). OCSPA claims are subject to a two-year statute of limitations. Ohio Rev. Code § 1345.10(C). The discovery rule does not apply. *Price v. KNL Custom Homes, Inc.*, 2015-Ohio-436, 28 N.E.3d 640, ¶ 16 (9th Dist.).

Here, Plaintiff's claims arise out of Plaintiff being unable to complete her academic program after Plaintiff received an email that her account would have to be paid in full before she could resume classes. (*See* Comp. ECF No. 4 at PageID 119-215). According to Plaintiff, she received email communication of such on June 25, 2020. (*Id.* at PageID 124, ¶ 29). Plaintiff did

3

not file her Complaint until December 14, 2022, more than two years after the alleged communication. (*See, id.*, *generally*).

Although the discovery rule does not apply, even if Plaintiff attempts to argue that the alleged violation occurred at a later date, the claim is still barred. Plaintiff might argue the violation occurred on June 29, 2020, when Plaintiff was notified that she could not resume classes until paying loan payments until her financial aid application was approved. Plaintiff might also suggest the violation occurred on July 2, 2020, when she was notified that her outstanding balance had been transferred to a collector.[1]

All these dates occurred more than two years before Plaintiff filed the instant action. (*See* Comp. ECF No. 4 at PageID 119-215). Plaintiff's OCSPA claim is therefore barred as a matter of law. It must be dismissed.

### C. Plaintiff cannot establish a prima facia negligence case.

To prove actionable negligence, a plaintiff must establish (1) the existence of a legal duty owed to the injured party, (2) the defendant's breach of that duty, and (3) that an injury proximately resulted from the defendant's breach of duty. *Ross v. PennyMac Loan Servs. LLC*, 761 F.App'x 491, 496 (6th Cir.2019) (citation omitted). Here, Plaintiff's negligence claims fails because (1) Arizona Global did not owe Plaintiff a duty, (2) her claim is barred by the economic loss doctrine, and (3) educational malpractice claims are not recognized in Ohio. As such it must be dismissed.

---

[1] Plaintiff also inexplicably alleges that a violation occurred by "[a]llowing CBE Group to continue to collect upon this debt following the March 2022 rulings from the San Diego Superior Court." (Compl., ECF Doc 4 at PageID 129, ¶ 57d. Besides the fact that the ruling Plaintiff references has nothing to do with her claims, the San Diego Court found that there was insufficient evidence to support any claims regard debt collection. (Compl., ECF 4 at PageID 173).

### i. *Plaintiff cannot establish a prima facia negligence case because Arizona Global did not owe Plaintiff a duty.*

Determining whether a defendant owes a duty is a determination for the Court as a matter of law. *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir.2006) (citation omitted). Here, Arizona Global did not owe Plaintiff a duty. When the alleged incident occurred in June 2020, Arizona Global did not own Ashford University. (Compl. ECF4 at PageID 120, ¶¶ 3, 13-14). It therefore did not and could not exercise any control over Ashford University at the time the alleged negligent events occurred. Plaintiff does not allege otherwise.

Arizona Global is not responsible for any of Plaintiff's alleged liabilities because "Zovio agreed that it would pay any liabilities arising from the operation of Ashford prior to December 2020." (*Id*., at PageID 144). Plaintiff does not allege otherwise. As a result, Arizona Global did not owe Plaintiff a duty. Consequently, this Court must grant judgment on the pleadings in Arizona Global's favor as a matter of law.

### ii. *Plaintiff's negligence claim is barred by the economic loss doctrine.*

The economic loss doctrine "prevents recovery of damages in tort for purely economic loss." *Dooley v. Wells Fargo Bank, Natl. Assn.*, 941 F.Supp.2d 862, 866 (S.D.Ohio 2013), citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 357 N.E.2d 624 (1989). "'The well-established rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'" *Id*., quoting *Chemtrol*. When damages are "not based upon a tort duty independent of contractually created duties," a negligence action is prohibited. *Id*. (internal quotations and citation omitted). "This is because 'tort law is not designed***to compensate parties for losses suffered as a result of breach of duties assumed only by agreement.'" *Momentive Spec. Chem., Inc. v. Chartis Spec.*

5

*Ins. Co.*, S.D.Ohio No. 2:11-cv-00583, 2012 U.S. Dist. LEXIS 32211, at *12 (Mar. 12, 2012), quoting *Corporex Dev. & Constr. Mgmt Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 414, 2005 Ohio 5409, 835 N.E.2d 701 (2005).

Here, Plaintiff did not assert a tangible physical injury to herself or tangible property damage. (*See* Comp. ECF No. 4 at PageID 119-215). Indeed, in her negligence claim, Plaintiff only alleges to suffer "actual damages in the amount of $5,385.41, and attorney fees and costs and other expenses." (*Id.*, at PageID 131, ¶ 78). In other words, she only alleges economic damages. Consequently, Plaintiff's negligence claim is prohibited. It must be dismissed.

### iii. *Educational malpractice is not recognized in Ohio.*

"A claim that educational services provided were inadequate constitutes a claim for educational malpractice." *Adams v. Antonelli College*, 304 F. Supp. 3d 656, 664-665 (S.D.Ohio 2018) (citation omitted). "Ohio does not recognize educational malpractice claims for public policy reasons." *Borden v. Antonelli College*, 304 F. Supp. 3d 678, 688 (S.D.Ohio 2018). "[E]ducational malpractice is not a recognized cause of action in Ohio or anywhere else in the United States." *Lawrence v. Lorain Cty. Community College*, 127 Ohio App.3d 546, 548, 713 N.E.2d 478 (9th Dist.1998). Accordingly, educational malpractice is "barred as a cause of action in this state." *Rockwood v. Shoen*, 145 F. Supp. 3d 718, 724 (S.D.Ohio 2015).

Here, Plaintiff's negligence claim is a disguised claim for educational malpractice as it is based on dissatisfaction with the school's services allegedly provided to Plaintiff. Under Count Three, Plaintiff alleges that Arizona Global carelessly and negligently represented Plaintiff's eligibility to participate in the school's "loan repayment program." (Compl. ECF4 at PageID 131, ¶ 76). However, educational malpractice claims are not recognized in Ohio. Plaintiff's claim fails as a matter of law. Therefore, Arizona Global is entitled to judgment on the pleadings.

### D. Civil conspiracy fails without an underlying tortious act.

"The tort of civil conspiracy is 'a malicious combination of two or more persons to injure another in property, in a way not competent for one alone, resulting in actual damages." *Peltz v. Moretti*, 292 F.App'x 475, 480 (6th Cir.2008) (internal quotations and citations omitted). To succeed with a civil conspiracy claim, a plaintiff must establish the following: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Id.*, at 480-81 (internal quotations and citations omitted). Thus, an underlying unlawful act is required before a civil conspiracy claim can succeed. *Total Quality Logistics, LLC v. Riffe*, S.D.Ohio No. 1:19-cv-23, 2022 U.S. Dist. LEXIS 53209, at *42 (Mar. 24, 2022) (citation omitted). However, a breach of contract does not satisfy the requisite underlying act for a civil conspiracy claim. *Id.*, at *43.

Here, Plaintiff has not sufficiently pleaded a civil conspiracy claim against Arizona Global beyond asserting general legal conclusions. As explained above, Plaintiff acknowledges that during the timeframe at issue, Arizona Global did not own Ashford University. (Compl., ECF 4, at PageID 120, ¶¶ 3, 13-14). None of Plaintiff's allegations regarding The CBE Group, Inc. include Arizona Global. Plaintiff even distinguished the separate allegations related to Arizona Global from allegations related to The CBE Group, Inc. (*Id.*, at PageIDs 121, 126). Consequently, it is entirely unclear how Plaintiff's claim for civil conspiracy relates to Arizona Global.

Plaintiff provides that her civil conspiracy claim is based on her alleged inability to obtain a bachelor's degree from Arizona Global. (*Id.*, at PageID 133, ¶ 89). Yet, Plaintiff admits that she admits that she will graduate at the end of 2023. (*Id.*, at PageID 126, ¶ 36). Besides the fact that Plaintiff contradicts herself, Plaintiff's allegation of her inability to obtain a degree is further

7

evidence that Plaintiff's claim is based on allegations of educational malpractice, which is not recognized under Ohio law. Without an independent, underlying claim, Plaintiff cannot succeed with her civil conspiracy claim. It must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Arizona Global requests this Court for and Order and Entry granting judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff cannot sustain a OCSPA claim because it is time-barred. All other claims against Arizona Global fail as a matter of law. Therefore, they must be dismissed.

Respectfully submitted,

*/s/ Amanda K. Wager*
Zachary B. Pyers  (0083606)
Amanda K. Wager  (0100030)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
(614) 232-2411; FAX (614) 232-2410
zpyers@reminger.com; awager@reminger.com
*Counsel for University of Arizona Global Campus*

## CERTIFICATE OF SERVICE

I hereby certify a true and accurate copy of the foregoing document was served via the Court's e-Filing system and/or electronic mail on this 15th day of February, 2023 upon all counsel of record.

*/s/ Amanda K. Wager*
Zachary B. Pyers (0083606)
Amanda K. Wager (0100030)