UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AMY SMITH,

    Plaintiff,                                  Case No. 3:23-cv-17

vs.

UNIVERSITY OF ARIZONA            District Judge Michael J. Newman
GLOBAL CAMPUS, *et al.*,              Magistrate Judge Peter B. Silvain, Jr.

    Defendants.

---

**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ZOVIO, INC. (Doc. No. 16); (2) DIRECTING PLAINTIFF TO SHOW CAUSE BY DECEMBER 11, 2023 WHY THE COURT SHOULD NOT DISMISS PLAINTIFF'S CLAIMS AGAINST DFENDANT ZOVIO, INC. FOR LACK OF SERVICE; AND (3) DIRECTING PLAINTIFF TO SHOW CAUSE BY DECEMBER 11, 2023 WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

---

Plaintiff, through counsel, brings this civil case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Defendant CBE Group. *See* Doc. No. 4 at PageID 132. Plaintiff's complaint also alleges violations of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, against Defendants University of Arizona Global Campus ("UAGC") and Zovio, Inc. *See id.* at PageID 127-131. The case is now before the Court on Plaintiff's motion for default judgment against Defendant Zovio, Inc. (Doc. No. 16). Defendant Zovio, Inc. has not responded in opposition or otherwise participated in this litigation. Thus, this matter is ripe for review.

Plaintiff initially filed suit in the Montgomery County Court of Common Pleas on December 14, 2022. *See* Doc. No. 1 at PageID 1. Defendants CBE Group and UAGC removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant Zovio,

Inc. did not join in removal and is now a dissolved Delaware corporation. *See id.*; *Department of State: Division of Corporations*, STATE OF DELAWARE, [Division of Corporations - Filing (delaware.gov)](delaware.gov) (last visited Nov. 17, 2023). Zovio, Inc.'s registered agent is listed as the Corporation Trust Company, located in Wilmington, Delaware. STATE OF DELAWARE, [Division of Corporations - Filing (delaware.gov)](delaware.gov) (last visited Nov. 17, 2023).

## I. Service of Process

The Montgomery County court record indicates that service was effectuated on Zovio, Inc. on December 16, 2022 in Phoenix, Arizona. *See* Doc. 1-1 at PageID 5. Service was effectuated upon an S. Andrews. *Id.* It is unclear to the Court: (1) who S. Andrews is; (2) whether he or she is qualified as an agent to accept service on behalf of the company; and (3) whether service ultimately was properly effectuated on Defendant Zovio, Inc. based on the uncertainties described in (1) and (2).

Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing and **on or before December 11, 2023**, why the Court should not dismiss this case against Defendant Zovio, Inc. for lack of effective service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

## II. Removal

Defendant CBE Group, Inc. timely removed the case to federal court based on federal question jurisdiction. *See* Doc. No. *1* at PageID 1-2. UAGC consented to the removal. *Id.* at PageID 2. Zovio, Inc. did not consent to the removal. *Id.* It is well-settled that all defendants must consent to removing a state court case to federal court. *See* 28 § U.S.C. 1446; *Loftis v. United*

2

*Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)).

Without Zovio, Inc.'s consent, an issue arises over whether removal of this action properly occurred and, further, whether the Court can continue to consider the case because of a potential defect in removal. *See, e.g., Loftis*, 342 F.3d at 516. Therefore, the Court **ORDERS PLAINTIFF TO SHOW CAUSE on or before December 11, 2023** explaining whether removal was properly effected and whether the case should be remanded to state court.

### III. Conclusion

For the reasons stated above, Plaintiff's motion for default judgment (Doc. No. 16) is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ORDERED TO SHOW CAUSE**, in writing and on or before December 11, 2023, why the Court should not dismiss this case against Defendant Zovio, Inc. for lack of effective service and/or remand the case to state court.

**IT IS SO ORDERED.**

November 29, 2023  s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge

3